IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MEHDI ALAMI, | ) | |
| | ) | 2:05-cv-01129-GEB-GGH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| McLANE COMPANY, INC.,; and DOES 1 | ) | |
| to 20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

The status (pretrial scheduling) conference scheduled in this case for August 22, 2005, is vacated since the joint status report submitted by the parties obviates the need for the conference. The following Order issues based on the parties' joint status report and available dates.

<u>DOE DEFENDANTS</u>

The Joint Status Report indicates that "Plaintiff will identify any 'Doe' defendants by September 5, 2002." Plaintiff has until September 5, 2002, to file a motion in which leave is sought under Fed. R. Civ. P. 15(a) to file an Amended Complaint which could add a party to this action. The motion must be noticed for hearing on the Court's earliest available law and motion date. If leave is not sought as stated, this will automatically effectuate dismissal of Does 1 to 20 from this action.

<u>ADDED DEFENDANT'S OPPORTUNITY<br>TO SEEK AMENDMENT OF THIS ORDER</u>

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order," which request is not required to meet the good cause standard, provided it is made within this 30-day period.

<u>SERVICE OF PROCESS</u>

No further service is permitted, except with leave of Court, good cause having been shown.

<u>JOINDER OF ADDITIONAL PARTIES/AMENDMENT</u>

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

/////

/////

/////

/////

DISCOVERY

(a)  All discovery shall be completed by September 27, 2006. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

(b)  Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before April 27, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before May 29, 2006.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be November 27, 2006, at 9:00 a.m.[2]

All purely legal issues are to be resolved by timely pretrial motions.  Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).

---

[1]    The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

[2]    This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1 | Further, failure to timely oppose a summary judgment motion may result
2 | in the granting of that motion if the movant shifts the burden to the
3 | nonmovant to demonstrate a genuine issue of material fact remains for
4 | trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).  When the
5 | last day for filing an opposition brief falls on a legal holiday, the
6 | opposition brief shall be filed on the next court day immediately
7 | following the legal holiday.  See Fed. R. Civ. P. 6(a).

8 | Any party bringing a motion to dismiss, motion for summary
9 | judgment or summary adjudication, motion for judgment on the
10 | pleadings, or motion to remand shall attach to the motion a copy of
11 | the latest complaint (or cross-complaint where applicable).

12 | In determining any motion for summary judgment, the Court
13 | will assume that the material facts as claimed in the movant's
14 | Statement of Undisputed Facts and adequately supported by evidence are
15 | admitted without controversy except to the extent that such material
16 | facts are (1) disputed in the nonmovant's response to the movant's
17 | Statement of Undisputed Facts, and (2) controverted by declaration or
18 | other written evidence filed in opposition to the motion.  See L.R.
19 | 56-260(b); Nilsson, Robbins, et al., v. La. Hydrolec, 854 F.2d 1538,
20 | 1545 (9th Cir. 1988).  A party opposing a motion for summary judgment
21 | must serve upon all parties and file with the Clerk of Court the
22 | evidence upon which the opposing party will rely in opposition to the
23 | motion in accordance with Local Rule 78-230(c).  Evidence not timely
24 | filed by a party will not be considered.  See Marshall v. Gates, 44
25 | F.3d at 725.

26 | Absent highly unusual circumstances, reconsideration of a
27 | motion is appropriate only where:

28 |

1    (1)  The Court is presented with newly discovered evidence

2 that could not reasonably have been discovered prior to the filing of

3 the party's motion or opposition papers;

4    (2)  The Court committed clear error or the initial decision

5 was manifestly unjust; or

6    (3)  There is an intervening change in controlling law.

7 A motion for reconsideration based on newly discovered evidence shall

8 set forth, in detail, the reason why said evidence could not

9 reasonably have been discovered prior to the filing of the party's

10 motion or opposition papers.  Motions for reconsideration shall comply

11 with Local Rule 78-230(k) in all other respects.

12    The parties are reminded that motions in limine are

13 procedural devices designed to address the admissibility of evidence

14 and are cautioned that the Court will look with disfavor upon motions[3]

15 presented at the final pretrial conference or at trial in the guise of

16 motions in limine.  The parties are further cautioned that if any

17 legal issue which should have been tendered to the Court by proper

18 pretrial motion requires resolution by the Court after the established

19 law and motion cut-off date, substantial sanctions may be assessed for

20 the failure to file the appropriate pretrial motion and/or the Court

21 may elect not to decide the motion and to treat it as untimely.  See

22 U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099,

23 1104 (9th Cir. 1985) (affirming district court's denial of untimely

24 motion since "pretrial order controls the subsequent course of action

25 unless modified by a subsequent order"), rejected on other grounds,

26

27
_____

28    [3]    Such motions include contentions under the collateral estoppel
or res judicata doctrines.

5

1  <u>Simpson v. Lear Astronics Corp.</u>, 77 F.3d 1170, 1174 (9th Cir. 1995);

2  <u>Dedge v. Kendrick</u>, 849 F.2d 1398 (11th Cir. 1988) (same).

3  <u>FINAL PRETRIAL CONFERENCE</u>

4  The final pretrial conference is set for January 22, 2007,

5  at 1:30 p.m.  The parties are cautioned that the lead attorney who

6  WILL TRY THE CASE for each party shall attend the final pretrial

7  conference.  In addition, all persons representing themselves and

8  appearing <u>in propria persona</u> must attend the pretrial conference.

9  The parties shall file a <u>JOINT</u> pretrial statement with the

10 Court not later than seven (7) days prior to the final pretrial

11 conference.[4]  The Court uses the parties' joint pretrial statement to

12 prepare its final pretrial order.  The final pretrial order supersedes

13 the pleadings and controls the facts and issues which may be presented

14 at trial.  Issues asserted in pleadings which are not preserved for

15 trial in the final pretrial order cannot be raised at trial.  <u>Hotel</u>

16 <u>Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th

17 Cir. 1987) ("Issues not preserved in the pretrial order are eliminated

18 from the action."); <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550,

19 554 (5th Cir. 1992) (indicating that an issue omitted from the

20 pretrial order is waived, even if it appeared in the pleading); <u>cf.</u>

21 <u>Raney v. District of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995)

22 (refusing to modify the pretrial order to allow assertion of a

23 previously-pled statute of limitations defense); <u>Olympia Co. v.</u>

24

25   [4]  The failure of one or more of the parties to participate in

26 the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file

27 the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the

28 document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

6

1   <u>Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that

2   "[a]ny factual contention, legal contention, any claim for relief or

3   defense in whole or in part, or affirmative matter not set forth in

4   [the pretrial statement] shall be deemed . . . withdrawn,

5   notwithstanding the contentions of any pleadings or other papers

6   previously filed [in the action]").

7        The following provisions of Local Rule 16-281 shall apply

8   with respect to the matters to be included in the joint pretrial

9   statement:  (b)(1), (b)(2),[5] (b)(3), (b)(5), (b)(9), (b)(10),

10  (b)(11),[6] (b)(12) to and including (b)(21), and (c).

11       The subject matter in Local Rule 16-281(b)(4), (b)(7), and

12  (b)(8) shall be combined in a single section titled "Factual, Legal

13  and/or Equitable Contentions."[7]  In the "Factual, Legal and/or

14  Equitable Contentions" section, the parties shall number or

15  alphabetize each individually-pled cause of action and pled

16  affirmative defense to preserve the issue for trial.  **Each pled claim**

---

[5]    In this section of the joint pretrial statement the parties
must specify what the judge is expected to decide and what the jury is
expected to decide.  For instance, if the judge is expected to make a
ruling after the jury decides factual disputes, the factual issues to be
submitted to the jury shall be specified.

[6]    In <u>separate attachments</u> to the joint pretrial statement each
party shall list all witnesses and each exhibit individually that the
party intends to offer at trial.  Plaintiff's exhibits shall be listed
numerically; defendant's exhibits shall be listed alphabetically.

[7]    If there are no legal or equitable contentions, the title
shall reflect only what is at issue.  The requirement in (b)(8) is
modified since a party only needs to state sufficient law to show
viability of an issue.  But it must be clear whether precise federal or
state law governs.  If state law governs, the state whose law is
applicable must be specified.  Since the governing law is stated in
conjunction with the elemental facts to establish a pled claim or
defense, there is no need for a separate statement of disputed factual
issues required by (b)(4).  The relief sought, referenced in (b)(7),
shall follow the issue or issues giving rise to that relief.

7

**or affirmative defense must be accompanied by the elemental facts
supporting it and the relief sought, if applicable.  For  example:
Plaintiff claims that Defendant violated her Fourth Amendment right to
be free from excessive force by applying the handcuffs too tight and
seeks general damages**.  If the parties disagree about the inclusion of
an issue in this section, that issue shall be followed by the title
"Controversy", under which the parties' respective positions on the
issue shall be stated.  The parties are warned that the "Factual,
Legal and/or Equitable Contentions" section of the joint pretrial
statement could be used to specify the issues preserved for trial in
the pretrial order, and that order could issue without the Court
holding the scheduled final pretrial conference.  <u>See</u> <u>Mizwicki v.
Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement
that the court hold a pretrial conference.").

The parties are further warned that "since [the] process [of
having them delineate trial issues] is designed to promote efficiency
and conserve judicial resources, 'there is no reason to require that
the elimination of non-trialworthy claims await a formal motion for
summary judgment.'"  <u>Berkovitz v. Home Box Office, Inc.</u>, 89 F.3d 24,
29 (1st Cir. 1996).  "<u>If the pretrial [statement] discloses that no
material facts are in dispute and that the undisputed facts entitle
one of the parties to judgment as a matter of law," the Court may
summarily dispose of the case or issue</u>.  <u>Portsmouth Square v.
Shareholders Protective Comm.</u>, 770 F.2d 866, 868-69 (9th Cir. 1985)
(emphasis added).

<u>If possible, at the time of filing the joint pretrial
statement counsel shall also email it in a format compatible with
WordPerfect to: geborders@caed.uscourts.gov.</u>

<u>SETTLEMENT CONFERENCE</u>

No settlement conference is currently scheduled.  The parties shall address in their joint pretrial statement whether they wish to have a judge-assisted settlement conference.  If counsel wish the Magistrate Judge to act as settlement judge, written stipulations to this effect which waive the judge's disqualification from later acting as the discovery judge must be filed prior to the scheduling of the settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish to participate in Court-assisted settlement prior to the final pretrial conference, they should contact the Deputy Clerk.

<u>TRIAL SETTING</u>

Trial is set for April 3, 2007, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  August 12, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge

9